## HUGH MONTGOMERY DOWLIN *v.* THE NEW ORLEANS AND NASHVILLE RAIL ROAD COMPANY.

Where a purchaser at a credit sale, availed himself of the privilege of paying cash, on being allowed a deduction at the rate of eight per cent per annum, from the price for such advance, this circumstance will not entitle him, on obtaining a rescission of the sale, to claim interest at that rate.

APPEAL from the District Court of the First District, *Buchanan*, J.

*G. Schmidt*, for the plaintiff.

*C. Woodruff,* for the appellants.

MARTIN, J.   The New Orleans and Nashville Rail Road Company is appellant from a judgment, by which the plaintiff has recovered the price of several squares of ground in the town of *Uncle Sam,* the sale of which has been rescinded on account of the Company's failure in fulfilling the conditions of the sale. The sale took place in January, 1837, on a plan which promised that the rail road should traverse the town, which was to be embellished by a theatre, hotel, Catholic, Episcopal, Congregational, Baptist, Presbyterian, Methodist, and Free churches, two public squares, a stock fair, and a canal and park.   By a printed prospectus, the Company engaged to apply one-half of the proceeds of the sale to establish a water power within the town; one-tenth for the building of a hotel; another tenth for a college for at least one hundred pupils; the same sum for a bridge over the river Tangipao; and the same sum in aid of a cotton factory working at least 10,000 spindles.   The plaintiff stated, and proved, that no part of the hopes thus excited was realized; that the Company neglected, except in a very few instances indeed, *to collect* the price of the lots sold, giving indeterminate extensions of credit, and, in several instances, authorizing the cancelling of sales, thus disabling itself from complying with the terms on which purchasers had bought; so that every hope to have the rail road extended to the town, and any of the promised improvements realized, has vanished.   The Company has employed no counsel to show us on what grounds it has built its hopes of relief at our hands.   We have not been able to discover any.   The plaintiff's counsel has prayed for the amendment of the judgment, by allowing him interest at the rate of eight per cent, instead of legal interest, on the ground that he availed himself of the faculty, the Company had held out to him, of paying the price at once, in cash, on being allowed a discount at the rate of eight per cent a year.   It does not appear to us, that this circumstance authorizes the claim.

<div align="right">

*Judgment affirmed.*